UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4806

OSMOND O'NEIL CHRISTIE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-97-2)

Submitted: September 15, 1998

Decided: October 6, 1998

Before WILKINS, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James O. Broccoletti, ZOBY & BROCCOLETTI, P.C., Norfolk, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, William
D. Muhr, Special Assistant United States Attorney, Norfolk, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Osmond O'Neil Christie appeals his sentence following his guilty plea for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (1994). Christie was sentenced to a term of 235 months' imprisonment. Finding no reversible error, we grant Christie's motion for leave to file a pro se supplemental brief and affirm.

Christie was arrested in November 1996 in Accomack County after state troopers found 1989.3 grams of cocaine in the air filter of his car. He was subsequently indicted for possessing cocaine with intent to distribute. In March 1997, Christie pled guilty to the indictment without the benefit of a plea agreement.

The pre-sentence investigation report ("PSR") stated that Christie could take advantage of the safety valve provisions of 18 U.S.C. § 3553(f) (1994) and U.S. Sentencing Guidelines Manual § 5C1.2 (1995). In order to take advantage of the safety valve provisions, Christie entered into a cooperation agreement with the Government. Christie agreed to cooperate fully and truthfully with the Government in detailing the extent of his involvement with cocaine distribution. The Government agreed that no truthful information provided by Christie would be used against him in any other criminal prosecution. The agreement also stated that "[p]ursuant to Section 1B1.8 of the Sentencing Guidelines, no truthful information that the defendant provides pursuant to this agreement will be used to enhance the defendant's guidelines range." The cooperation agreement also stated that if Christie failed to fulfill his obligations under the agreement, the Government was released from its obligations under the agreement.

It came to the attention of the Government through statements by three inmates housed with Christie that he was attempting to continue his drug operation while still behind bars. Christie was trying to recruit inmates and others to assist him in collecting a drug-related debt. Meanwhile, pursuant to the cooperation agreement, Christie was being debriefed by an agent with the Drug Enforcement Administration. At no time did he tell the agent that he was recruiting others to keep his drug operation active.

2

Due to Christie's conduct, the Government presented evidence to the court that Christie had breached the cooperation agreement. The evidence included the testimony of three inmates who had conversations with Christie while in jail. The court also heard from the agent who conducted the debriefings. The court concluded that Christie had indeed breached the cooperation agreement and sentenced him by utilizing his statements regarding drug quantities given during the debriefings to calculate the appropriate sentencing guideline range. This appeal followed.

Christie contends that the court erred in crediting the testimony of three inmates in finding that he breached the cooperation agreement. Christie argued that the inmates were motivated to testify falsely because they were attempting to secure favors in regard to their own troubles with the law. Factual determinations at sentencing will not be disturbed unless clearly erroneous. See United States v. Self, 132 F.3d 1039 (4th Cir. 1997), cert. denied, 118 S. Ct. 1573 (1998). The court considered the inmates' situations, but found their statements credible because they were consistent with each other. In addition, Christie stipulated in court that he had attempted to recruit one of the inmates for the purpose of attempting to collect on a drug debt. On this record, we find that crediting the testimony of the inmates and concluding that Christie had breached the cooperation agreement was not clearly erroneous.

Christie also contends that the cooperation agreement and USSG § 1B1.8(a) bar the use of his truthful admissions made during the debriefings in calculating the drug quantities for sentencing purposes. Section 1B1.8(a) prohibits the use of a defendant's self-incriminating information provided under the provisions of a cooperation agreement in determining the applicable sentencing guidelines range. However, the cooperation agreement and § 1B1.8(b)(4) nullify the restriction on the use of self-incriminating statements in the event the agreement is breached. Christie cannot divorce one paragraph of the cooperation agreement from the remaining paragraphs. Nor can he rely on one subsection of § 1B1.8 while ignoring another relevant subsection. Thus, we find that, since Christie breached the agreement by not being entirely forthcoming during the debriefings and in continuing his drug operation, he cannot restrict the use of his truthful admissions in calculating drug quantities.

Christie has moved to file a pro se supplemental brief in which he raises several issues, some of which have already been addressed. We grant the motion and find that none of the issues have merit. There is no basis for the contention that the Government was without authority to enter into a cooperation agreement with the Defendant following his guilty plea. Christie entered into the agreement with the Government after his guilty plea. He actively sought the agreement after being informed that he could reap certain benefits if he complied with the terms of the agreement. His reliance on Fed. R. Crim. P. 11(e) is misplaced. Rule 11(e) concerns plea agreements, or those agreements entered into which obligate the defendant to plead guilty to an offense. Furthermore, Christie's right against self-incrimination was not violated.

Christie also contends that his Sixth Amendment right to counsel was violated because the Government wired one of the inmates in order to gather more incriminating information. However, none of the statements Christie made to the wired inmate were admitted into evidence or used in preparing the PSR. Thus, Christie was not prejudiced by the Government's conduct.

Christie also objects to the court's decision to increase his offense level by two levels under USSG § 3C1.1 for obstruction of justice. Christie withdrew his objection to the increase at sentencing. Thus, we review the court's decision only for plain error. See United States v. Perkins, 108 F.3d 512, 516 (4th Cir. 1997).

Christie entered into a cooperation agreement, which prohibited him from continuing his drug operation. He did not reveal to the Government, as he was obligated to do under the terms of the agreement, that he was attempting to continue his drug operation and actively recruiting associates. Christie explained to one of his prospective recruits that the cooperation agreement would get him a short sentence and deportation, after which, he planned to return to the United States, using an alias, and continue his operation. Christie substantially understated his involvement in narcotics distribution to the probation officer. Given these facts, the district court did not commit plain error when it enhanced Christie's sentence for obstruction of justice on the ground that he provided false information to law enforcement officals that impeded their investigation.

4

Accordingly, we affirm Christie's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5